**WO**                                                                                                       RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph Alfred Mares, | ) | No. CV-05-946-PHX-JAT (GEE) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

On March 28, 2005, Joseph Alfred Mares (Petitioner), presently confined in the Santa Rita Unit of the Arizona State Prison Complex in Tucson, Arizona (ASPC-Tucson), filed with the Clerk of the Court a pro se "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition).[1]  Petitioner did not pay the five dollar ($5.00) filing fee, or file an "Application To Proceed In Forma Pauperis By A Prisoner (Habeas)" (Application To Proceed) with the Petition.

Because Petitioner had not paid the five dollar ($5.00) filing fee, or filed an Application To Proceed, the Court, by Order filed July 9, 2005 (Document #3), gave

---

[1] When Petitioner filed the Petition, he was confined in the Morey Unit of the Arizona State Prison Complex - Lewis in Buckeye, Arizona (ASPC-Lewis).

**TERMPSREF**                                       - 1 -

1 Petitioner thirty (30) days from the filing date of the Order to submit a properly executed and
2 certified Application To Proceed, or to pay the five dollar ($5.00) filing fee.

**PAYMENT OF FILING FEE**

4 On August 11, 2005, Petitioner paid the five dollar ($5.00) filing fee. Accordingly,
5 the Court will proceed to review the Petition.

**PETITION**

7 Dora Schriro, Director of the Arizona Department of Corrections (ADOC), is named
8 as Respondent in the Petition. (Petition at 1). The Attorney General of the State of Arizona
9 is named as an Additional Respondent. Id.

10 In the Petition, Petitioner challenges his February 6, 1998 judgment of conviction for
11 Manslaughter entered in the Maricopa County Superior Court in matters CR 97-04056.
12 (Petition at 1).

13 Petitioner presents four (4) grounds in his Petition in which he alleges that the
14 following constitutional rights have been violated:

15 I. "6th Amendment Right To Have Effective Assistance Of Counsel At Every Critical
16 Stage Of The Proceeding;" (Petition at 5);

17 II. "14th Amendment Right To Due Process And Equal Protection Under The Law,"
18 (Petition at 6);

19 III. "6th Amendment Right To A Fair Trial And Sentence," (Petition at 7);

20 IV. "The 1st Amendment Right Of Access To The Courts And To Petition The
21 Government," (Petition at 8).

22 Petitioner alleges that the issues in all of his grounds were presented to the Arizona
23 Supreme Court in his second post-conviction relief proceeding. (Petition at 5-8).

24 A review of the Petition indicates that an answer is required. 28 U.S.C. § 2254(a).

**RULE 41 (b) WARNING**

26 Petitioner is warned that if he fails to timely comply with every provision of this
27 Order, or any order of the Court entered in this matter, the action will be dismissed pursuant

28 **TERMPSREF** - 2 -

1 to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258
2 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the
3 Court), cert. denied, 506 U.S. 915 (1992).

4     **IT IS THEREFORE ORDERED:**

5     (1)  That a copy of the "Petition For Writ Of Habeas Corpus By A Person In State
6 Custody Pursuant to 28 U.S.C. § 2254 (Non-Death Penalty)" (Document #1) (Petition) and
7 this Order be SERVED by the Clerk of the Court upon the Respondent and the Additional
8 Respondent by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

9     (2)  That Respondents ANSWER the Petition within forty (40) days of the date of
10 service.  Respondents shall not file a dispositive motion in place of an answer, but may file
11 an answer limited to relevant affirmative defenses, including but not limited to, statute of
12 limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative
13 defenses, only those portions of the record relevant to those defenses need be attached to the
14 answer.  Failure to set forth an affirmative defense in an answer may constitute a waiver of
15 the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also
16 Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005).  If not limited to affirmative
17 defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules
18 Governing Section 2254 Cases;

19     (3)  That Petitioner MAY FILE a reply within thirty (30) days from the date of service
20 of the answer;

21     (4)  That a clear, legible copy of every pleading or other document filed SHALL
22 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
23 District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules
24 of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading**
25 **or document will result in the pleading or document being stricken without further**
26 **notice to Petitioner**;

27     (5)  That Petitioner SHALL SERVE upon Respondents, or if appearance has been
28 **TERMPSREF**                                    - 3 -

1 entered by counsel, upon the attorney, a copy of every further pleading or other document
2 submitted for consideration by the Court. Petitioner shall include with the original document
3 and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and
4 correct copy of the pleading or document was mailed to Respondents or the counsel. Any
5 paper received by a District Court Judge or Magistrate Judge which has not been filed with
6 the Clerk of the Court may be disregarded by the Court;

7 (6) That at all times during the pendency of this action, Petitioner SHALL
8 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
9 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
10 ADDRESS." The notice shall contain only information pertaining to the change of address
11 and its effective date, except that if Petitioner has been released from custody, the notice
12 should so indicate. The notice shall not include any motions for any other relief. Petitioner
13 shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF
14 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
15 pursuant to Federal Rule of Civil Procedure 41(b);

16 (7) That this matter is REFERRED to Magistrate Judge Glenda E. Edmonds pursuant
17 to LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.

18 DATED this 6th day of December, 2005.

James A. Teilborg
United States District Judge

**TERMPSREF** - 4 -